IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAHARRAH DAVIS<br>2025 North 25th Street<br>Philadelphia, PA 19121<br><br>    vs.<br><br>CITY OF PHILADELPHIA<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>POLICE OFFICER JAMES KEITH<br>BADGE NUMBER 1255<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595<br>    and<br>SERGEANT NICHOLAS CIONE, JR.<br>BADGE NUMBER 336<br>Individually and as a police officer<br>for the City of Philadelphia<br>c/o City of Philadelphia Law Department<br>Claims Unit, One Parkway Building<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102-1595 | Civil Action No.<br><br>18-0668<br><br><br>JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

Plaintiff, Jaharrah Davis (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues the City of Philadelphia and Police Officer James Keith, Badge No. 1255, and Sergeant Nicholas Cione, Jr., Badge No. 336, for injunctive relief, attorney's fees, litigation expenses and costs pursuant to 42 U.S.C. §§ 12181 et seq. and 42 U.S.C. §§

12131 et seq., respectively, ("Americans With Disabilities Act" or "ADA"), and in support thereof alleges the following.

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§ 12181 et seq. (hereinafter referred to as the "ADA"). The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1343 for Plaintiff's claims arising under the ADA, 42 U.S.C. § 1201, et seq. and 42 U.S.C. § 12132, et seq..

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred in the Eastern District of Pennsylvania.

### Parties

3. At all times relevant hereto, Plaintiff, Jaharrah Davis, was residing at 2025 North 25th Street, Philadelphia, Pennsylvania 19121. At times relevant hereto, Plaintiff suffered from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990. More specifically, at all times relevant hereto, she was an individual diagnosed with a seizure disorder.

4. Defendant, City of Philadelphia, is a municipality of the Commonwealth of Pennsylvania and owns, operates, manages,

directs and controls the Philadelphia Police Department. At all times relevant hereto, the Defendant, City of Philadelphia, maintains a police department, commonly known as the Philadelphia Police Department. The Philadelphia Police Department performs services as a law enforcement agency as that term is defined under the ADA. Further, at all times relevant hereto, the Defendant, City of Philadelphia, employed Defendant Sergeant Cione, Jr. and Defendant Officer Keith.

5. Defendant, Police Officer James Keith, Badge Number 1255, is a police officer for the Philadelphia Police Department who at all relevant times was acting under color of state law. The Defendant officer is being sued in his individual and official capacity and/or as agent, servant, workman or employee of Defendant, City of Philadelphia, acting in the scope of his employment.

6. Defendant, Sergeant Nicholas Cione, Jr., Badge Number 336, is a police officer for the Philadelphia Police Department who at all relevant times was acting under color of state law. The Defendant officer is being sued in his individual and official capacity and/or as agent, servant, workman or employee of Defendant, City of Philadelphia, acting in the scope of his employment.

**Factual Allegations**

7. At all times relevant hereto, Plaintiff suffered from a

"qualified disability" as that term is defined under the Americans With Disabilities Act of 1990. More specifically, Plaintiff has been diagnosed with a seizure disorder. She has been under the care of a physician for that disorder for many years prior to the events in question more fully described hereinafter.

8. In 2015, her treating physician recommended that Plaintiff utilize the services of a Service Dog with said Service Dog being trained to alert the Plaintiff whenever she was about to have a seizure. The Service Dog was also trained to be able to react whenever Plaintiff's blood pressure or sugar became low which would be an indication that Plaintiff may be about to experience a seizure.

9. At her treating physician's recommendation Plaintiff obtained a trained Service Dog specifically trained to perform the tasks mentioned in the preceding paragraph.

10. On or about June 19, 2016 Plaintiff, accompanied by her Service Dog, was inside the City View Pizza Restaurant located at 1434 Cecil B. Moore Street in the City of Philadelphia. Plaintiff was inside that restaurant with her Service Dog. Plaintiff had been inside that restaurant with her Service Dog many times before and no employee of the restaurant had ever questioned Plaintiff about being accompanied by her Service Dog.

11. However, on that above mentioned date, Plaintiff was

accosted by the Defendant police officers. Either Defendant Police Officer Keith or Defendant Officer Sergeant Cione approached Plaintiff and told her "You can't have animals in here."

12. Plaintiff explained to the Defendant police officers that her dog was a service animal and that under federal law she could not be denied the services of a restaurant simply because she was in the company of her Service Dog.

13. Either Defendant Officer Keith and/or Defendant Sergeant Cione told Plaintiff "I've never heard of that and I've been on the police force for 20 years."

14. Plaintiff then approached the restaurant manager and confirmed that they allowed service animals in their establishment.

15. Even though the Defendant officers heard the manager tell Plaintiff that she was allowed to be in the restaurant accompanied by her Service Dog, either Defendant Police Officer Keith and/or Defendant Officer Sergeant Cione said to Plaintiff "Did you hear me?  You can't be in here."

16. Upon being told that she was going to be forced by the Defendant police officers to leave the restaurant, Plaintiff advised the officers that she was being discriminated against due to her disability and further that she was going to report the Defendant police officers to the Internal Affairs Bureau of the

City of Philadelphia's Police Department. The Defendant police officers replied "I don't give a f _ _ _, I've been there before."

17. The Americans With Disabilities Act applies to the above Defendants. As pursuant to the Americans With Disabilities Act, people who have disabilities are entitled to the same services law enforcement provides to anyone else and further they cannot be treated differently than other people. More specifically, Title II of the ADA prohibits discrimination against people with disabilities in state and local government services, programs and employment.

18. Upon information and belief, the Defendant, City of Philadelphia, had provided no training to any of its police officers regarding the provisions of the ADA and specifically had provided no training regarding the right of a citizen to bring a service dog into a restaurant.

19. The Defendant, City of Philadelphia, failed to make reasonable modifications to its policies, practices and procedures to ensure that Plaintiff's needs as an individual with a disability would be met.

20. The Defendant police officers knew that Plaintiff was an individual with a disability.

21. The consequences of the Defendant City of Philadelphia's failure to train their police officers with regards to the

requirements of the ADA is so patently obvious that the City can be liable without proof of any pattern of violations of the ADA.

22. As a result of the actions of the Defendant police officers as aforesaid and the actions and failure to act of the Defendant, City of Philadelphia, Plaintiff was subjected to discrimination by the City of Philadelphia and its police department by reason of her disability. In that as a direct result of the actions of the Defendants herein she was caused to be deprived of the services, programs or activities of a public entity.

23. The failure of the Defendant, City of Philadelphia, to train its police concerning the requirements of the ADA led directly to the denial of accommodation and to the improper discrimination against Plaintiff.

24. Plaintiff is entitled to compensatory damages from the City of Philadelphia under the ADA because the conduct of the City and Defendant police officers amounted to intentional discrimination against the Plaintiff.

25. The Defendant, City of Philadelphia, had knowledge that failing to train their police officers with regards to the mandates of the ADA that it was substantially likely that the rights of citizens such as the Plaintiff would be violated and, despite this knowledge the Defendant, City of Philadelphia, failed to act.

26. According to data released by the United States Census Bureau, as of May 28, 2015 more than 56.7 million people in the United States had a recognized disability. More specifically, people with disabilities represented 19% of the civilian non-institutionalized population.

### COUNT I. VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT BY THE DEFENDANTS

27. Title II of the American With Disabilities Act prohibits discrimination against people with disabilities in state and local government services, programs and employment. Law enforcement agencies such as the Philadelphia Police Department and their employees such as Defendant Officer Keith and Defendant Sergeant Cione must comply with all of the requirements of Title II of the ADA.

28. All of the above Defendants have discriminated and continue to discriminate against the Plaintiff and others who are similarly situated by discriminating against people with disabilities in local government services.

29. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991 the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans With Disabilities Act Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $55,000 for the first violation and $110,000 for any subsequent

violation.

## Attorney's Fees and Costs

30. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to the ADA.

## Injunctive Relief for Title II Violations of ADA

31. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to alter the Defendants' policies, practices and/or procedures by stopping the practice of discriminating against persons with disabilities.

WHEREFORE, Plaintiff, Jaharrah Davis, requests the following relief:

    a. Compensatory damages;

    b. Punitive damages;

    c. Such other relief as appears reasonable and just; and

    d. A jury trial as to each Defendant and as to each count.

**PATRICK G. GECKLE, LLC**

By: */s/ Patrick G. Geckle*
Patrick G. Geckle
Attorney ID No. 26718
PATRICK G. GECKLE, LLC
1515 Market Street, Ste. 1200
Philadelphia, PA 19102
(215) 735-3326 - phone
(215) 689-2803 - fax
EMail: pgeckle@pgglaw.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Patrick G. Geckle, Esquire, of **PATRICK G. GECKLE, LLC,** attorney for Plaintiff, Jaharrah Davis, duly certify that on this date I served Amended Complaint upon the person and in the manner indicated below which service satisfies the requirements of the U.S. District Court for the Eastern District of Pennsylvania, a true and correct copy of the same was filed electronically and is available for viewing and downloading from the ECF system to:

Shannon Zabel, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
Civil Rights Unit, One Parkway Bldg.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

**PATRICK G. GECKLE, LLC**

By: /s/Patrick G. Geckle
    Patrick G. Geckle
    Attorney ID No. 26718
    PATRICK G. GECKLE, LLC
    1515 Market Street, Ste. 1200
    Philadelphia, PA  19102
    (215) 735-3326 – phone
    (215) 689-2803 – fax
    EMail: pgeckle@pgglaw.com

    Counsel for Plaintiff

DATED: March 27, 2018