# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAHARRAH DAVIS,<br>   *Plaintiff*, | : <br> : <br> :    CIVIL ACTION |
| v. | :    NO.: 18-0668 <br> : |
| CITY OF PHILADELPHIA, et al.,<br>   *Defendants*. | : <br> : |

## MEMORANDUM

**JONES, II    J.**                                                                             **JANUARY 11, 2019**

      Plaintiff Jaharrah Davis ("Plaintiff") brings this action against Defendants, the City of Philadelphia (the "City") and Officer James Keith and Sergeant Nicholas Cione, Jr. (collectively, the "Defendant Officers"), in their individual and official capacities, alleging a violation of her constitutional rights under Title II of the American with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("Title II").[1]  Plaintiff contends that as a qualified individual with a disability, the Defendant Officers discriminated against her in violation of the Americans with Disabilities Act ("ADA") when they acted within the scope of their employment with the Philadelphia Police Department to refuse her access to a restaurant while accompanied by her service dog.  Defendants have moved to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' motion is granted, in part, and denied, in part.

---

[1] In Plaintiff's Amended Complaint she states both that "[t]his is an action for declaratory and injunctive relief pursuant to ***Title III***" (ECF No. 4, ¶ 1) (emphasis added), and that the Defendants discriminated against her in violation of ***Title II***.  (*Id*., ¶¶ 17, 27-28).  The Court will proceed with an analysis under Title II because the Count set forth against the Defendants in the Amended Complaint and the requested relief therein refer to Title II.  (*Id*., ¶¶ 27-28, 31). Moreover, Defendants based the instant motion to dismiss on a Title II analysis and Plaintiff did not dispute that representation in her Response.  (*Compare* ECF No. 6, p. 1, *with* ECF No. 7, p. 8).

1

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This standard, which applies to all civil cases, "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A]ll civil complaints must now set out sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff has a diagnosed seizure disorder that constitutes a qualified disability under the ADA. (ECF No. 4, ¶ 7). In 2015, her treating physician recommended that she utilize a trained service dog to alert her to an oncoming seizure. (*Id*., ¶ 8). On or about June 19, 2016, Plaintiff entered City View Pizza Restaurant in Philadelphia with her service dog. (*Id*., ¶ 10). She had frequented the restaurant "many times" before with her service dog and had never been asked to leave the premises by an employee of the restaurant. (*Id*.).

However, on June 19th when Plaintiff entered City View Pizza with her service dog the

2

Defendant Officers were present and told her that she "can't have animals in here." (*Id*., ¶ 11). Plaintiff told Defendant Officers that "her dog was a service animal and that under federal law she could not be denied the services of a restaurant simply because she was in the company of her service dog." (*Id*., ¶ 12). One of the Defendant Officers told Plaintiff that he'd "never heard of that and I've been on the police force for 20 years." (ECF No. ¶ 13).

Plaintiff then went to the restaurant manager and confirmed that they allowed service animals in the restaurant. (*Id*., ¶ 14). Defendant Officers heard Plaintiff's conversation with the restaurant manager, but nonetheless one of them told Plaintiff, "[d]id you hear me? You can't be in here." (*Id*., ¶ 15). "[U]pon being told that she was going to be forced by the Defendant Officers to leave the restaurant," Plaintiff informed them that she believed she was being discriminated against because of her disability and that she was going to report the Defendant Officers to the Internal Affairs Bureau. (*Id*., ¶ 16).

To address the Defendant Officers' conduct, Plaintiff filed a Complaint against the City and the Defendant Officers on February 15, 2018. (ECF No. 1). She amended her Complaint on March 27, 2018. (ECF No. 4). Plaintiff has asserted one claim under Title II against the City and the Defendant Officers in their individual and official capacities, seeking attorney's fees, litigation expenses, injunctive relief, compensatory damages, punitive damages, and any other just and reasonable relief. (ECF No. 4, ¶¶ 30-31). On April 10, 2018, Defendants filed a Motion to Dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). Plaintiff filed a Response in Opposition on April 24, 2018. (ECF No. 7).

## DISCUSSION

The Amended Complaint states a claim under Title II against the City and the Defendant Officers in their official capacities. However, all claims against the Defendant Officers in their

3

individual, personal, capacities must be dismissed as Title II does not provide for this type of liability. Additionally, Plaintiff's request for punitive damages against the remaining defendants is barred as a matter of law.

I. **The Amended Complaint States a Claim Against the City**

To sufficiently state a claim under Title II, Plaintiff "must demonstrate (1) [s]he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, <u>or</u> was subjected to discrimination by any such entity; (4) by reason of [her] disability." *Haberle v. Troxell*, 885 F.3d 171, 178 (3d Cir. 2018) (citing *Bowers v. NCAA*, 475 F.3d 524, 553 n.32 (3d Cir. 2007) (emphasis added); *see also* 42 U.S.C. § 12132. As Plaintiff alleges that she is a qualified individual with a disability to no objection from the Defendants, the Court will deem the first two factors of the analysis met. (*Compare* ECF No. 4, ¶¶ 3, 7-8, *with* ECF No. 6).

As to the third and fourth factors, the Court will address them in tandem. Defendants seek dismissal of the Amended Complaint against the City on four bases. Defendants argue that: (1) Plaintiff "fails to allege any facts about what particular government service, program or activity she was allegedly denied"; (2) as "a private restaurant, City View Pizza . . . and not the City, provided the services in question"; (3) Plaintiff "fails to allege that she was ever kicked out of or removed from the restaurant *due to the actions of the City and its employees* . . ." and (4) "Defendants did not own, lease or operate the restaurant, [so] they had no ability to personally deprive Plaintiff of any of its services." (*Id*., p. 5) (emphasis in original).
Thus, the crux of Defendants' arguments concern what, if any, services were deprived from Plaintiff, and who was responsible for providing said services.

4

The Defendants do not address Plaintiff's allegation that when the Defendant Officers prevented her from accessing a place of public accommodation with her ADA compliant service dog they subjected her to discrimination by reason of her disability. (ECF No. 4, ¶¶ 11-15, 22; ECF No. 7, p. 7). This allegation, in and of itself, is a sufficient basis to state a claim under Title II. As the Third Circuit Court of Appeals explained in *Haberle*, "[t]he text of the ADA is deliberately broad and police departments fall squarely within the statutory definition of a public entity." *Id.*, 885 F.3d at 179-80. Given that a police department may only act through its employees, *see Guynup v. Lancaster County*, No. 06-4315, 2008 WL 4771852, *1 n.3 (E.D. Pa. Oct. 29, 2008), Plaintiff's specific factual allegations that the Defendant Officers prevented her from remaining in City View Pizza with her service dog state a facially plausible claim.

Accordingly, the Court holds that Plaintiff has stated a claim against the City under Title II. The Court does not need to further address Defendants' arguments.

## II. The Amended Complaint States a Claim Against the Defendant Officers in Their Official Capacities

Defendants next argue that all claims must be dismissed against the Defendant Officers, presumably in both their individual and official capacities,[2] because the Third Circuit "has held that individuals are not liable under Titles I and II of the ADA." (ECF No. 6, p. 5). Defendants rely upon the Third Circuit's holding in, *Emerson v. Thiel College*, 296 F.3d 184 (3d Cir. 2002), to argue this proposition.

---

[2] Plaintiff asserts her Title II claim, in part, against the Defendant Officers in their individual and official capacities. (*See* ECF No. 4, ¶¶ 5-6). Defendants argue that "Plaintiff's claims under the ADA against Officer Keith and Sergeant Cione fail as a matter of law," without clarifying whether this pertains to their individual and/or official capacities. (ECF No. 6, p. 5). The Court has construed Defendants' argument as applying to the Defendant Officers in both their personal and representative capacities.

5

The Court agrees with Defendants that individuals, generally, are not liable under Title II because individuals are not within the definition of "public entities" under the ADA. *See Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d. Cir. 2001), *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000), *cert denied*, 531 U.S. 1190 (2001), *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (*en banc*). However, the Court disagrees with the scope of Defendants' assertion.

First, the Third Circuit has not held, as a matter of law, that individuals are not liable under Title II. *See Brown v. Deparlos*, 492 Fed. Appx. 211, n.2 (3d Cir. 2012) ("This Court has yet to address individual liability under Title II of the ADA"). In *Emerson*, while considering individual liability under Title III – not Title II – the Court held that individual liability is only available under Title III where the individual owned, leased, or operated the place of public accommodation at issue. *Emerson*, 296 F.3d at 189. Second, the Third Circuit has held in the Title I context that an individual defendant may be held liable "in his representative—not his individual—capacity . . . [for] prospective injunctive relief." *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178-179 (3d Cir. 2002).

Consequently, as Plaintiff has sought injunctive relief that could be construed as prospective, and the Court has found no precedent – binding or persuasive – barring individual liability against an individual in his official capacity, the Court holds that the Amended Complaint states a claim against the Defendant Officers in their official, but not personal, capacities. (*See* ECF No. 4, ¶ 31). Defendants' motion is thus denied as to the Defendant Officers in their official capacities and granted as to the Defendant Officers in their individual capacities.

### III. Punitive Damages are not Available Under Title II

Finally, in their argument about individual liability, Defendants noted that punitive damages are not an available remedy under Title II. (ECF No. 6, p. 5). The Court agrees. *See Barnes v. Gorman*, 536 U.S. 181, 189 (2002).

Section 203 of Title II, 42 U.S.C.A. § 12133, governs the enforcement of Title II. It provides that "[t]he remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 [Section 202] of this title." 42 U.S.C.A. § 12133. Stated differently, the remedies available under Title II were patterned after Section 504 of the Rehabilitation Act. In turn, the remedies available under Section 504 were patterned after those set forth in Title VI of the Civil Rights Act of 1964. *Barnes*, 536 U.S. at 185. Accordingly, in *Barnes*, when the Supreme Court of the United States upheld the vacatur of a punitive damages award in a private suit brought under Title II and Section 504, it specifically held that "[b]ecause punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act." *Id.*, at 189.[3]

The Court thus holds that Plaintiff may not seek punitive damages against the City or Defendant Officers in their official capacities as a matter of law.

---

[3] Defendants cite to *Doe v. County of Centre, PA*, 242 F.3d 437, 455-58 (3d Cir. 2001) for this same proposition. (ECF No. 6, p. 5).

# CONCLUSION

Defendants' Motion to Dismiss is granted, in part, and denied, in part. The Amended Complaint is dismissed against the Defendant Officers in their individual, personal, capacities. Plaintiff may proceed with her claims against the City and Defendant Officers in their official capacities, though she may not seek punitive damages against them. Moreover, as Plaintiff's claim against the Defendant Officers in their personal capacities and her request for punitive damages fail as a matter of law; Plaintiff shall not be granted leave to amend as a curative amendment would be futile. *See Berkery v. Wissahickon School Dist. Bd. Of Directors*, 628 Fed. Appx. 109, 112 (3d Cir. 2015). An appropriate Order follows.

                                        BY THE COURT:

                                        */s/ C. Darnell Jones, II*
                                        C. DARNELL JONES, II    J.